IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BARRY HENDERSON :

    Petitioner :

      v. : Civil Action No. WDQ-10-2226
          Criminal Action No. 07-497

UNITED STATES OF AMERICA :

    Respondent

o0o

MEMORANDUM

On August 12, 2010, Petitioner filed the above-captioned motion to vacate pursuant to 28 U.S.C. §2255.[1] Paper No. 43. For the reasons that follow, the pending motion must be dismissed without prejudice for lack of jurisdiction.

Petitioner filed his first motion to vacate on April 26, 2009. Paper No. 26. The motion was denied on February 18, 2010. Paper Nos. 36 and 37. Petitioner has noted an appeal, which remains pending. Paper No. 39-41. The instant motion attacking Petitioner's conviction and sentence represent a second or successive §2255 challenge to Petitioner's conviction. As such, the motion may not be considered absent leave to do so from the Fourth Circuit Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). Under 28 U.S.C. §2255:

> A second or successive motion must be certified as
> provided in section 2244 by a panel of the appropriate
> court of appeals to contain–(1) newly discovered
> evidence that, if proven and viewed in light of the

---
[1] On July 26, 2010, Petitioner filed what has also been docketed as Motion to Vacate under 28 U.S.C. § 2255. Paper No. 42. This document references Petitioner's previously filed Motion to Vacate (Paper No. 26) the denial of which is currently on appeal. Paper Nos. 39-41.

> evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner has not received the proper certification from the Fourth Circuit. Consequently, this Court may not consider the merits of his claim unless and until certification is obtained.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. The Clerk shall provide Petitioner a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court. It is to be emphasized that Petitioner must file his pleading with the Fourth Circuit Court of Appeals and obtain authorization to file his successive petition before this court may examine his claims.

A separate order follows.

September 27, 2010                          /s/
Date                                      William D. Quarles, Jr.
                                                United States District Judge